## Commonwealth ex rel. v. Shaw

*H. Vance Cottom*, district attorney, and *Wade K. Newell*, for Commonwealth.

*Dean D. Sturgis*, for defendant.

CARR, J., April 9, 1945.—This is an appeal by an employer summarily convicted before a justice of the peace of a violation of the Act of April 24, 1913, P. L.

114, 43 PS §251, commonly called the Semi-Monthly Pay Day Law.

Upon consideration of the evidence presented to us at trial, we state our findings of fact and conclusions of law as follows:

## Findings of fact

1. On June 6, 1944, at Victoria, in Perry Township, Fayette County, defendant, William J. Shaw, being then and there engaged in the business of recovering coke from an ash dump by a process of screening, in part mechanical and in part manual, employed relatrix, Vera Phillips, to pick waste from the conveyors, and promised her as compensation for her labor the sum of 65 cents per hour, payable semi-monthly on the 5th and 20th days of each month.

2. Under the terms of said contract of hiring relatrix worked for defendant continuously from June 6, 1944, to July 31, 1944, and was paid semi-monthly all wages earned by her to and including July 15, 1944, but has not been paid the wages earned by her from July 16, 1944, to July 31, 1944, amounting to $58.50.

3. Defendant was, during the period between the 1st and 15th days of August, 1944, and has been at all times since, financially able to pay the wages then due and payable to relatrix, and has nevertheless wilfully and with intent to defraud relatrix withheld and refused to pay the same.

## Discussion

The Act of 1913, supra, provides that, unless otherwise stipulated in the contract of hiring, each person, firm, or corporation employing any person other than at an annual salary shall pay such person his or her earnings or wages semi-monthly, the first payment to be made between the first and fifteenth day of each month, and the second between the fifteenth and the last day of the month, and that any person, firm, or corporation that shall violate any of its provisions

shall be guilty of a misdemeanor, and upon conviction thereof before any alderman, magistrate, or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding $100.

Admitting his failure to pay relatrix her wages, defendant testified that he had started in business without operating capital, expecting that the proceeds of his sales would provide all the necessary funds, but that during the last half of July some of his coke had been condemned and refused by the consignee, and a broker's check for $422 had been dishonored, in consequence of which he had been unable to meet his payroll at the end of that month and had been compelled to suspend operations. He stated that for the last half of the month the wages of his 30 employes had amounted to about $3,000, and that he had collected from his shipments during that period only $1,800, all of which he had applied to the payment in full of the wages of approximately half of them. His statements as to his financial condition were not, however, substantiated by any offer of his business records or other documentary evidence whatever. It was shown that at the time in question he had an interest in another coal enterprise that he subsequently sold for $1,500, and that when arrested in August he had on his person the sum of more than $600 in cash. He is still in possession of the property he was operating, the equipment of which he owns, and is at present employing labor and making substantial repairs with a view to continuing the business. We do not regard his explanation as satisfactory, nor, upon consideration of all the circumstances, are we left with any reasonable doubt of his wrongful intent.

### Conclusions of law

1. Unless the contract of hiring provides for payment otherwise, an employer who wilfully and fraudulently withholds during any semi-monthly period, as defined by the Semi-Monthly Pay Day Law of April 24,

1913, P. L. 114, 43 PS §251, the wages earned by an employe during the preceding semi-monthly period may be convicted of violating said act.

2. Defendant has violated said act and is subject to the penalty thereof.

*Adjudication*

And now, April 9, 1945, after hearing and upon consideration of the foregoing case, we find defendant guilty, and direct that he appear for sentence when called by the district attorney.